UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
2014 OCT -1  AM 11:43
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

[AMENDED]
CIVIL RIGHTS COMPLAINT FORM TO BE USED BY
PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

RODERICK D. EDWARDS,
   Plaintiff,

v.

WARDEN, B.V. REDDISH
ASST. WARDEN, BRAD WHITEHEAD
COLONEL, J.B. GODWIN
MAJOR, P.M. JEFFERSON
CAPTAIN, SWAINE
LIEUTENANT, TOMMY T. ROBINSON
SERGEANT, WILLIAM BENNETT
OFFICER, GARY WILKERSON
OFFICER, JERRARD STEICHEN
OFFICER, THOMAS POLLACK
   EACH INDIVIDUALLY, AND IN THEIR
OFFICIAL CAPACITIES, JOINTLY AND SEVERALLY,
   Defendant(s).

CASE NO. 3:14-CV-790-J-39PDB
JURY TRIAL DEMANDED

PROCESSED
SANTA ROSA C.I.
SEP 2 8 20..
FOR MAILING

R-E.

-1-

I. PLAINTIFF:
1. PLAINTIFF:
STATE YOUR FULL NAME, INMATE NUMBER (IF APPLICABLE, AND FULL MAILING ADDRESS IN THE LINES BELOW.
NAME OF PLAINTIFF: RODERICK DEVON EDWARDS
INMATE NUMBER: #901449
PRISON OR JAIL: SANTA ROSA CORRECTIONAL INSTITUTION
MAILING ADDRESS: 5850 EAST MILTON ROAD
MILTON, FLORIDA 32583

PLAINTIFF RODERICK D. EDWARDS STATES THIS HIS PRESENT INCARCERATION IS NOT RELATED TO THIS CIVIL RIGHTS COMPLAINT AND THAT THE PRESENT INCARCERATION IS NOT A RESULT OF ANY CRIMINAL CHARGES THAT GIVES RISE TO THESE CIVIL RIGHTS PROCEEDINGS.

II. DEFENDANT(S):
STATE THE NAME OF THE DEFENDANT IN THE FIRST LINE, OFFICIAL POSITION IN THE SECOND LINE, PLACE OF EMPLOYMENT IN THE THIRD LINE, AND MAILING ADDRESS. DO THE SAME FOR EVERY DEFENDANT:

(1) DEFENDANT: B.V. REDDISH
OFFICIAL POSITION: WARDEN
EMPLOYED AT: UNION C.I.
MAILING ADDRESS: 7819 N.W. 228th Street
Raiford, FL 32026

(2) DEFENDANT: BRAD WHITEHEAD
OFFICIAL POSITION: ASST. WARDEN
EMPLOYED AT: FLORIDA STATE PRISON
MAILING ADDRESS: 7819 N.W. 228th Street
Raiford, FL 32026

(3) DEFENDANT: J.B. GODWIN
OFFICIAL POSITION: COLONEL
EMPLOYED AT: UNION C.I.
MAILING ADDRESS: 7819 N.W. 228th Street
Raiford, FL 32026

(4) DEFENDANT: P.M. JEFFERSON
OFFICIAL POSITION: MAJOR
EMPLOYED AT: UNION C.I.
MAILING ADDRESS: 7819 N.W. 228th Street
                 Raiford, Fl 32026

(5) DEFENDANT: SWAINE
OFFICIAL POSITION: CAPTAIN
EMPLOYED AT: Columbia C.I.
MAILING ADDRESS: 216 S.E. Correctional Way
                 Lake City, Fl 32025

(6) DEFENDANT: TOMMY T. ROBINSON
OFFICIAL POSITION: LIEUTENANT
EMPLOYED AT: UNION C.I.
MAILING ADDRESS: 7819 N.W. 228th Street
                 Raiford, Fl 32026

(7) DEFENDANT: WILLIAM BENNETT
OFFICIAL POSITION: SERGEANT
EMPLOYED AT: UNION C.I.
MAILING ADDRESS: 7819 N.W. 228th Street
                 Raiford, Fl 32026

(8) DEFENDANT: GARY WILKERSON
OFFICIAL POSITION: OFFICER
EMPLOYED AT: UNION C.I.
MAILING ADDRESS: 7819 N.W. 228th Street
                 Raiford, Fl 32026

(9) DEFENDANT: JERRARD STEICHEN
OFFICIAL POSITION: OFFICER
EMPLOYED AT: UNION C.I.
MAILING ADDRESS: 7819 N.W. 228th Street
                 Raiford, Fl 32026

(10) DEFENDANT: THOMAS POLLACK
OFFICIAL POSITION: OFFICER
EMPLOYED AT: UNION C.I.
MAILING ADDRESS: 7819 N.W. 228th Street
                 Raiford, Fl 32026

ALL THE DEFENDANT(S) HAVE ACTED, AND CONTINUE TO ACT UNDER THE COLOR OF STATE LAW AT ALL TIMES RELEVANT TO THIS COMPLAINT, AND CLAIM(S) ARE STATED IN TERM(S) OF CIVIL RIGHTS TITLE 42 U.S.C. §§1983, et. seq. PLAINTIFF RESERVES THE RIGHT TO AMEND THIS PLEADING AS A MATTER OF COURSE WHEN MORE FACT(S) AND OTHER PERSON(S) BECOME KNOWN THAT MAY HAVE CULPABILITY TO THESE ALLEGATION(S) THAT ARE PRESENTLY UNKNOWN TO PLAINTIFF. PLAINTIFF GIVES NOTICE THE DEFENDANTS SHALL PRESERVE ALL EVIDENCE RELATED TO THE ALLEGATIONS HEREIN THAT MAY BE RELATED IN THE THIRD DEGREE OF RELATION. ANY DOUBT AS TO THE DETERMINATION OF RELEVANCY SHALL BE CONSTRUED IN FAVOR OF PRESERVATION OF THE EVIDENCE.

<u>ATTACH ADDITIONAL PAGES TO NAME ADDITIONAL DEFENDANT(S)</u>

<u>NONE</u>

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

EXHAUSTION OF ADMINISTRATIVE REMEDIES IS REQUIRED PRIOR TO PURSUING A CIVIL RIGHTS ACTION REGARDING CONDITION(S) OR EVENTS IN ANY PRISON, JAIL, OR DETENTION CENTER, 42 U.S.C. §1997(e)(a). PLAINTIFF IS WARNED THAT ANY CLAIMS FOR WHICH THE ADMINISTRATIVE GRIEVANCE PROCESS WAS NOT COMPLETED PRIOR TO FILING THIS LAWSUIT MAY BE SUBJECT TO DISMISSAL.

TO CONFORM TO THE EXHAUSTION REQUIREMENT OF THE ANTI-TERRORISM AND EFFECTIVE DEATH PENALTY ACT (AEDPA) OF 1996, THE PRISON LITIGATION REFORM ACT (PLRA) OF 1996, AND THE PROVISIONS OF 42 U.S.C. §1997(e)(a), PLAINTIFF USED THE INMATE GRIEVANCE PROCEDURE AVAILABLE AT THE (FDOC) TO TRY TO SOLVE THE PROBLEM, TO NO AVAIL. PLAINTIFF PRESENTED THE FACTS RELATING TO THIS COMPLAINT. PURSUANT TO THE PRISON LITIGATION REFORM ACT OF 1996, TITLE VIII, SECTION 803, THIS PLAINTIFF HAS EXHAUSTED ALL AVAILABLE ADMINISTRATIVE REMEDIES, WHICH WAS FORWARDED IN FIRST FORMAL COMPLAINT FILED AS EXHIBITED TO PROVE ACTS AGAINST HIM.

IV. PREVIOUS LAWSUITS:

NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. HAVE YOU INITIATED OTHER ACTIONS IN STATE COURT DEALING WITH THE SAME OR SIMILAR FACTS/ISSUES INVOLVED IN THIS ACTION? YES ( ) NO (X)

1. PARTIES TO PREVIOUS ACTION: NOT APPLICABLE
2.
3.
4.
5.
6.
7.

B. HAVE YOU INITIATED OTHER ACTIONS IN FEDERAL COURT DEALING WITH THE SAME OR SIMILAR FACTS/ISSUES INVOLVED IN THIS ACTION? YES (X) NO ( )

1. PARTIES TO PREVIOUS ACTION:
   (A) PLAINTIFF(S): RODERICK D. EDWARDS
   (B) DEFENDANT(S): DR. MELINA COLLINS, DR. LIM, WARDEN B.V. REDDISH, ETC. ETC.
2. NAME OF JUDGE: NOT APPLICABLE — CASE NO. 3:12-CV-867-J-25JBT
3. COUNTY AND JUDICIAL CIRCUIT: NOT APPLICABLE
4. APPROXIMATE FILING DATE 11-60-12
5. IF NOT STILL PENDING, DATE OF DISMISSAL: JUNE 11, 2013
6. REASON FOR DISMISSAL: PLAINTIFF FAILURE TO PROPERLY AMENDED HIS COMPLAINT CORRECTLY DUE TO HIM BEING (ADA)
7. FACTS AND CLAIMS OF CASE: TRYING TO ARGUE SEVERAL CLAIM(S) ALL IN ONE, SAME COMPLAINT.

C. HAVE YOU INITIATED OTHER ACTIONS (BESIDES THOSE LISTED ABOVE IN QUESTIONS (A) AND (B) IN EITHER STATE OR FEDERAL COURT THAT RELATE TO THE FACT OR MANNER OF YOUR INCARCERATION (INCLUDING HABEAS CORPUS PETITIONS) OR THE CONDITIONS OF YOUR CONFINEMENT (INCLUDING CIVIL RIGHTS COMPLAINTS ABOUT ANY ASPECT OF PRISON LIFE, WHETHER IT BE GENERAL CIRCUMSTANCES OR A PARTICULAR EPISODE, AND WHETHER

-5-

IT INVOLVED EXCESSIVE FORCE ON SOME OTHER INMATES)?
YES ( ) NO (X)
IF YES, DESCRIBE EACH ACTION IN THE SPACE PROVIDED BELOW. IF MORE THAN ONE ACTION, DESCRIBE ALL ADDITIONAL CASES ON A SEPARATE PIECE OF PAPER, USING THE SAME FORMAT AS BELOW.

NOT APPLICABLE

1.
2.
3.
4.
5.
6.
7.

D. HAVE YOU EVER HAD ANY ACTIONS IN FEDERAL COURT DISMISSED AS FRIVOLOUS, MALICIOUS, FAILING TO STATE A CLAIM, OR PRIOR TO SERVICE? IF SO, IDENTIFY EACH AND EVERY CASE SO DISMISSED. YES ( ) NO (X)

NOT APPLICABLE

1.
2.
3.
4.
5.
6.
7.

V. STATEMENT OF FACTS:
STATE BRIEFLY THE FACTS OF THIS CASE. DESCRIBE HOW EACH DEFENDANT WAS INVOLVED AND WHAT EACH PERSON DID OR DID NOT DO WHICH GIVES RISE TO YOUR CLAIM. IN DESCRIBING WHAT HAPPENED, STATE THE NAMES OF PERSONS INVOLVED, DATES, AND PLACES.
DO NOT MAKE ANY LEGAL ARGUMENTS OR CITE TO ANY CASES OR STATUTES. YOU MUST SET FORTH SEPARATE FACTUAL ALLEGATIONS IN SEPARATELY NUMBERED PARAGRAPHS. YOU MAKE COPIES OF THIS PAGE IF NECESSARY TO SUPPLY ALL THE FACTS. BARRING EXTRAORDINARY CIRCUMSTANCES, NO MORE THAN FIVE (5) ADDITIONAL PAGES SHOULD BE ATTACHED. (IF THERE ARE FACTS, WHICH ARE NOT RELATED TO THIS SAME BASIC INCIDENT OR ISSUE, THEY MUST BE ADDRESSED IN A SEPARATE CIVIL RIGHTS COMPLAINT.)

-6-

## JURISDICTION

1. Plaintiff invokes jurisdiction based on 28 U.S.C. §§ 1331 and §§ 1343 for the

2. Federal 42 USC §§ 1983 claims, and 28 U.S.C. §§ 1367 for the state law claims.

3. This statement of facts is pled with particularity as required by Rule 26(a)(1)(A)(i)-(iv), Fed. R. Civ. P. (2012), that specifically requires the answering party to provide to the plaintiff, the name, address, and telephone number of each individual likely to have discoverable information relevant to the disputed facts alleged in this complaint that the disclosing party may use to support its claims or defenses.

## PRELIMINARY STATEMENT

4. Plaintiff Roderick D. Edwards is a prisoner in the custody of the Florida Department of Corrections and alleges that he was sexually and physically assaulted and mentally abused by Florida Department of Corrections employees armed with hard "walkie-talkies" and "handcuffs" and chemical agents; during an unjustified and excessive use of force and deprived him of food, water and personal property due to the acts of the defendants which violated this Plaintiff's state constitutional rights guaranteed under Article I, Sec. 2 and 9 of the Florida Constitution, along with due process of the policy directives of the Florida Department of Corrections.

Plaintiff seeks monetary damages under the Eight and Fourteenth Amendments of the United States Constitution which protects this Plaintiff from cruel and unusual punishment. And Plaintiff seeks, as well as compensatory and punitive damages under 42 USC § 1983.

5. Pursuant to the Prison Litigation Reform Act of 1995, Title VIII, Section 803, this Plaintiff has exhausted all available administrative remedies, and has already sent them with formal complaint as exhibit(s).

6. The Defendant(s) have violated this Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by assaulting this Plaintiff with punches, and kicks, and as well as hitting Plaintiff in the head with their "walkie-talkies" and penetrating this Plaintiff with something unknown inside his "Rectum" and chemical agents during an unjustified and use of excessive use of force and deprived him of food and water, maliciously and sadistically for the very purpose of causing harm and not in good faith effort to restore order, or maintain discipline or for any other legitimate penological reasons.

## VENUE

7. (b) Venue is proper in this District Court under 28 USC § 1391 because at least one of the Defendant resides in this District (to the best of my knowledge) and because a substantial number of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

8. Plaintiff Rodrick D. Edwards at all times material to this action, and currently is incarcerated at Santa Rosa Correctional Institution (Main Unit) located in Milton Florida.

9. Defendant Warden B.V. Reddish who at the time of the events giving rise to this complaint, was the Warden of Union Correctional Institution, as such, he bears the overall responsibility for the day to day operation of the prison, including review and approval or disapproval of the use of force incident including the use of chemical agents. He is

-8-

BEING SUED IN HIS OWN INDIVIDUAL CAPACITIES.

10. DEFENDANT ASST. WARDEN BRAD WHITEHEAD: WHO WAS AT THE GIVEN TIME RISE WAS AN ASST. WARDEN WHENEVER WARDEN REDDISH WAS NOT ON DUTY TO THIS COMPLAINT WAS THE ASST. WARDEN OF UNION CORRECTIONAL INSTITUTION, AS SUCH, HE BEARS THE RESPONSIBILITIES OF SAFETY AND OPERATIONS OF THE INSTITUTION. HE IS BEING SUED IN HIS OWN INDIVIDUAL CAPACITIES.

11. DEFENDANT J.B. GODWIN: IS A COLONEL AT UNION CORRECTIONAL INSTITUTION AT THE GIVEN TIME RISE AT THE TIME OF THE EVENTS GIVING RISE TO THIS COMPLAINT WAS THE COLONEL, AS SUCH, HE BEARS THE RESPONSIBILITIES OF REVIEWING INCIDENTS WHICH HAS TAKEN PLACE AND ESPECIALLY USE OF FORCES BY THE NETWORK OF CAMERA EQUIPMENT HOUSED IN HIS OWN OFFICE FOR THE PURPOSE OF THE OPERATIONS OF THE INSTITUTION CHIEF OF SECURITY SUPERVISOR. HE IS BEING SUED IN HIS INDIVIDUAL CAPACITIES.

12. DEFENDANT P.M. JEFFERSON: IS A MAJOR AT UNION CORRECTIONAL INSTITUTION AT THE GIVEN TIME RISE WAS AN MAJOR WHENEVER COLONEL J.B. GODWIN WAS NOT ON DUTY TO THIS COMPLAINT WAS THE MAJOR OF UNION CORRECTIONAL INSTITUTION. AS SUCH, HE ALSO BEARS THE RESPONSIBILITIES OF THE PERSON REVIEWING THE USE OF FORCE INCIDENTS WHICH HAS TAKEN PLACE BY REVIEWING THE COLONEL NETWORK OF CAMERA EQUIPMENT IN HIS OFFICE FOR THE PURPOSE OF THE OPERATIONS OF THE INSTITUTION WAS DONE CORRECTLY. HE IS BEING SUED IN HIS INDIVIDUAL CAPACITIES.

13. DEFENDANT CAPTAIN SWAINE: WHO AT TIME OF THE EVENTS GIVEN RISE TO THIS COMPLAINT WAS THE CAPTAIN OF UNION CORRECTIONAL INSTITUTION. AS SUCH, HE BEARS THE RESPONSIBILITIES OF SAFETY AND OPERATIONS OF THESE OFFICIALS WHO ACTUAL ASSAULTED THIS PLAINTIFF THEIR SUPERVISOR AND TO ACTUAL REVIEW THE FACTS AND ~~Such~~ EVIDENCE OF THESE OFFICIALS MISCONDUCT

BY DOING HIS SAID DUTY AND REVIEWING THE CAMERAS TO BE ABLE TO UNDERSTAND WHY PLAINTIFF WAS PHYSICALLY ASSAULTED BY SERGEANT BENNETT, OFFICER WILKERSON, OFFICER STEICHEN AND WHY ALL THREE OFFICERS COULD OR COULD NOT BE JUSTIFIED BY BEING IN INMATE CELL FOR SEVERAL MINUTES WHILE INMATE IS <u>NOT</u> HIGH/MAX SECURITY INMATE SO IT AINT NO JUSTIFIABLE REASON FOR THEM TO BE IN HIS CELL AT ONE TIME WHY THE INMATE WAS RESTRAINED. <u>HE IS BEING SUED IN HIS INDIVIDUAL CAPACITIES.</u>

14. <u>DEFENDANT TOMMY T. ROBINSON:</u> WHO AT THE TIME OF THE EVENTS GIVEN RISE TO THIS COMPLAINT. WAS A **LIEUTENANT** AT UNION CORRECTIONAL INSTITUTION. AND AS SUCH, BEARS THE THEN RESPONSIBILITIES OF A SUPERVISOR TO GO OVER THE OVERALL REPORTS AND INCIDENTS REPORTS BY MAKING SURE THEY WAS CORRECT AND TRUTHFUL BY MAKING HIS OWN DECISION AND REVIEWING THE CAMERAS AS WELL AS COLLECTING WITNESS STATEMENTS FROM OTHER INMATE(S) ON THEIR TAKE ON THE SAID INCIDENT. <u>HE IS BEING SUED IN HIS INDIVIDUAL CAPACITIES.</u>

15. <u>DEFENDANT WILLIAM BENNETT:</u> WHO AT THE TIME OF THE EVENTS GIVEN RISE TO THIS COMPLAINT, WAS A SERGEANT AT UNION CORRECTIONAL INSTITUTION. AND AS SUCH, BEARS THE RESPONSIBILITIES OF A SUPERVISOR. <u>HE IS BEING SUED IN HIS INDIVIDUAL CAPACITIES.</u>

16. <u>DEFENDANT GARY WILKERSON:</u> WHO AT TIME OF THE EVENTS GIVEN RISE TO THIS COMPLAINT. WAS A OFFICER AT UNION CORRECTIONAL INSTITUTION. AND AS SUCH, BEARS THE RESPONSIBILITIES OF CARE, CUSTODY, CONTROL, AND TREATMENT. <u>HE IS BEING SUED IN HIS INDIVIDUAL CAPACITIES.</u>

17. <u>DEFENDANT TERRARD STEICHEN:</u> WHO AT TIME OF THE EVENTS GIVEN RISE TO THIS COMPLAINT. WAS A OFFICER AT UNION CORRECTIONAL INSTITUTION. AND AS SUCH, BEARS THE RESPONSIBILITIES OF CARE, CUSTODY, CONTROL, AND TREATMENT. <u>HE IS BEING SUED IN HIS INDIVIDUAL CAPACITIES.</u>

18. Defendant Thomas Pollack who at time of the events given rise to this complaint, was a officer at Union Correctional Institution. And as such, bears the responsibilities of care, custody, control, and treatment. He is being sued in his individual capacities.

## FACTUAL ALLEGATIONS

19. On October 14, 2011 Plaintiff was taken and being escorted back to my cell from the shower that don't even work to where I was housed in cell #0-2207 by Sgt. Bennett, officer Wilkerson and officer Steichen who all walked in my cell violating rules, policies (by having all these officials inside my cell at once alone with me for no reason) and abusing me in all manners while officer Pollack stand at my cell door and watch. To be specific, the (3) officials slammed me to the ground while in restraints while all (3) of these officials kick, slap, knee, elbow, and punch me in my body, legs and face. Then as 2 of these 3 officers held me down proned to the ground (one officer had his knee in my back while holding and shoving my face in the ground with his hands while the second officer kneel down on (1) knee on my face with my head in the ground while grinding his knee on my mouth/jaw as the 3rd official stuck his hand/fingers up inside my rectum then squeeze and kick me in my scrotum while all these 3 officials yell and scream racial, vulgar, defamational, profane, and abusive slurs to me as I yell, scream and beg for my life. Then after several inmates shouted out on the wing in my defense, all these nefarious officers ran in attempt to exit my cell. Then after they exited my cell Sergeant Bennett took the (blankets) I made him agree to put inside the cell before I've agreed to come out the shower after being there in (12) hrs. stay. Then after they exited my cell the officers impersonated as if I refused to be uncuffed so that they could deploy O.C. mace on me from their (hip) body (canister). So these officials sprayed and applied chemical agents on me while I was in hands restraints which is in violation of Chapter 33-602.210, which specifically states

-11-

That officials are prohibited from applying chemical agents on an inmate while an inmate is in restraints, which is an act of cruel and unusual punishment, corporal punishment, etc., in violation of the 8th Amendment. Furthermore, before the handheld portable video camera and camera-man reported to my cell I was threatened by Sergeant Bennett that if I came out my cell for a post use of force assessment, a shower and to see medical staff that they'll jump on me again while I'm out of my cell and in restraints. Furthermore, these same officials including Sergeant Bennett had informed me after the incident approximately at 22:15 PM that same night and during the incident while they were sexually & physically abusing me that they were abusing and doing all of this to me out of retaliation for filing grievances on Sergeant Coleman on the 4-12 shift for physically assaulting me on September 8th 2011 which is an act of reprisal and violation of Chapter 33-103.017, that states that inmates shall not be retaliated upon for utilizing the grievance procedures in good faith.

20. No action has been taken to correct the injuries suffered on to punish those responsible for such abuse.

## CAUSE OF ACTION

21. The Eighth Amendment prohibits the use of any force, of any type by correctional officers if the force is used maliciously and sadistically for the very purposes of causing harm and not in a good faith effort to restore order or maintain discipline or for any other legitimate penological reason.

22. Defendant Sergeant William Bennett: A Sergeant at Union Correctional Institution used force against me physically by assaulting, and help sexually assaulting and not feeding me several times whenever he worked. Sergeant Bennett against the plaintiff, maliciously and sadistically for the very purposes of causing harm

-12-

and not in a good faith effort to restore order or maintain discipline or for any other legitimate penological reason as alleged in this complaint, [in violation of the Eighth Amendment of the United States Constitution.]

23. <u>Defendant Gary Wilkerson</u>: A officer at Union Correctional Institution used force against me physically by assaulting and help sexually assaulting and not feeding me several times whenever he worked. Officer Wilkerson against the plaintiff, maliciously and sadistically for the very purposes of causing harm and not in a good faith effort to restore order, or maintain discipline or for any other legitimate penological reason as alleged in this complaint, [in violation of the Eighth Amendment of the United States Constitution.]

24. <u>Defendant Jerrard Steichen</u>: A officer at Union Correctional Institution used force against me physically by assaulting and help sexually assaulting me and not feeding me several times whenever he worked. Officer Steichen against the plaintiff maliciously and sadistically for the very purposes of causing harm and not in a good faith effort to restore order or maintain discipline or for any other legitimate penological reason as alleged in this complaint, [in violation of the Eighth Amendment of the United States Constitution.]

25. <u>Defendant Thomas Pollack</u>: A officer at Union Correctional Institution after being sexually and physically assaulted by officials Sergeant Bennett, Officer Wilkerson, and Officer Steichen on October 14, 2011 Officer Pollack witnessed this here wrongdoing by these mentioned defendants against plaintiff and with held correct and true facts by covering up the facts and falsifying documents with his reports giving rise to the above styled case when this plaintiff was under their care and well-being safety no action has been taken to correct the injuries suffered or to punish those responsible for such abuse. and the physical assault and force as a means of inflicting corporal punishment upon this plaintiff, [in violation of the Eighth

-13-

AMENDMENT OF THE UNITED STATES CONSTITUTION.]

26. **DEFENDANT CAPTAIN SWAINE**: AFTER BEING ASSAULTED BY OFFICIALS SERGEANT BENNETT, OFFICER WILKERSON, AND OFFICER STEICKEN, OCTOBER 14, 2011 CAPTAIN SWAINE COVERED UP THE FACTS AND GIVING RISE TO THE ABOVE STYLES CASE WHEN THIS PLAINTIFF WAS UNDER THEIR CARE AND WELL-BEING SAFETY NO ACTION HAS BEEN TAKEN TO CORRECT THE INJURIES SUFFERED OR TO PUNISH THOSE RESPONSIBLE FOR SUCH ABUSE DUE TO HIS OWN FALSIFIED DOCUMENT REPORTS HE ALSO WRITTEN, USED PHYSICAL FORCE WAS COVERED UP BY THIS CAPTAIN SWAINE FOR THE PURPOSE OF AND THE MISTREATMENT AND PHYSICAL FORCE IN RETALIATION TO BE COVERED UP INSTEAD OF THOROUGHLY GIVING THE FACTS IN HIS REPORTS AFTER SEEING THE CAMERAS EVIDENCE. [IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.]

27. **DEFENDANT TOMMY T. ROBINSON**: AFTER BEING ASSAULTED BY OFFICIALS SERGEANT BENNETT, OFFICER WILKERSON, AND OFFICER STEICKEN LIEUTENANT T. ROBINSON WAS CALLED INTENTIONALLY FOR THE PURPOSE HE'S KNOWN TO COVER UP KNOWN FACTS OF WRONG-DOING DONE TO PRISONERS BY HIS OFFICIALS HE SUPERVISOR OVER THE FACTS AND GIVING RISE TO THE ABOVE STYLES CASE WHEN THIS PLAINTIFF WAS UNDER THEIR CARE AND WELL-BEING SAFETY NO ACTION HAS BEEN TAKEN TO CORRECT THE INJURIES SUFFERED OR TO PUNISH THOSE RESPONSIBLE FOR SUCH ABUSE AND THE PHYSICAL ASSAULT AND FORCE AS A MEANS OF INFLICTING CRUEL PUNISHMENT UPON THIS PLAINTIFF WAS COVERED UP BY LIEUTENANT T. ROBINSON FOR THE PURPOSE OF AND THE MISTREATMENT AND FORCE DONE TO PLAINTIFF WITH HIS FALSIFYING DOCUMENT, REPORTS, RECORDS BY HIM, [IN VIOLATION OF THE EIGHTH AMENDMENT AND 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION.]

28. **DEFENDANT Colonel J.B. GODWIN**: A COLONEL AT THE TIME OF THIS INCIDENT AT UNION CORRECTIONAL INSTITUTION AGAINST THIS PLAINTIFF WAS NOT EVEN INVESTIGATED AS IT SHOULD'VE BEEN DONE BY THIS COLONEL AFTER HIM REVIEWING THE WING VIDEO CAMERA(S) HIMSELF AFTER HE HAD REVIEWED THESE OFFICIALS SUBMITTED REPORTS OF THEIR OWN VIEW OF THE INCIDENT TO GET HIS OWN CONCLUSION FROM THAT PHYSICAL EVIDENCE INSTEAD OF HEARSAY BUT WAS NOT DONE DUE TO THE PURPOSE TO COVER UP THE INCIDENT AND AND THE MISTREATMENT AND PHYSICAL

force done by his officials like actual overseer over. And the physical assault and force as a means of inflicting corporal punishment upon this plaintiff, [in violation of the Eighth Amendment of the United States Constitution.]

29. **Defendant Major P.M. Jefferson:** After being assaulted by officials Sergeant Bennett, Officer Wilkerson, and Officer Steichen October 14, 2011 whenever Colonel Godwin is not on duty to this he was a Major second in command to this command of Union Correctional Institution, as such, he bears the next responsibilities of safety and operations of the institution. Used physical force and sexual assault was covered up by him also for the purpose of and the mistreatment and force that was done by officials he as well supervisor over, [in violation of the Eighth Amendment of the United States Constitution.]

30. **Defendant B.V. Reddish:** A warden at the time of this incident at Union Correctional Institution against this plaintiff was not even investigated as it should been done by the warden of this institution assaulted this plaintiff with physically assaulted with malicious and sadistic intent for the very purposes of causing harm and not in a good faith effort to restore order or maintain discipline or for any other legitimate penological reason. As alleged in this complaint, [in violation of the Eighth Amendment of the United States Constitution.]

31. **Defendant Brad Whitehead:** Who at the time of this assault done by officials Sergeant Bennett, Officer Wilkerson, and Officer Steichen against this plaintiff was an Asst. Warden or whenever Warden Reddish was not on duty was then Acting Warden of Union Correctional Institution, as such, he bears the same responsibilities of safety and operations of the institution. But at the time of this incident October 14, 2011 at Union C.I. against this plaintiff was not even investigated as it should been done by any head of the operations of a institution so this Asst. Warden of this institution assaulted this plaintiff with physically assaulted with malicious and sadistic intent for the very purposes of causing harm and not in a good faith effort

-15-

TO RESTORE ORDER OR MAINTAIN DISCIPLINE OR FOR ANY OTHER LEGITIMATE PENOLOGICAL REASON, AS ALLEGED IN THIS COMPLAINT,[IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.]

32. [DEFENDANT SERGEANT BENNETT: USED PHYSICAL FORCE ON THIS PLAINTIFF BY ASSAULTING THIS PLAINTIFF WHILE THIS INMATE HANDS WAS IN HAND RESTRAINTS WITHOUT THE NEED OR PROVOCATION, OR IN CONJUNCTION WITH THEIR ESTABLISHED LAWS OR RULES OF THE FLORIDA DEPARTMENT OF CORRECTIONS,[IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.]

33. [DEFENDANTS B.V. REDDISH, B. WHITEHEAD, J.B. GODWIN, P.M. JEFFERSON, SWAINE, T. ROBINSON: BY FAILING TO MEET THEIR RESPONSIBILITIES PURSUANT TO FLORIDA DEPARTMENT OF CORRECTIONS PROCEDURES MANUAL PROCEDURE #602.002 AND FLORIDA ADMINISTRATIVE CODE 33-602.210 VIOLATED CONTROLLING CONSTITUTIONAL STANDARDS BY PARTICIPATING IN EXECUTING, ENCOURAGING OR REQUESTING IN THE BEHAVIOR OF THEIR SUBORDINATES AND WHILE MADE AWARE THAT I WAS ASSAULTED PHYSICALLY AND SEXUALLY BY THESE STAFFS AND WAS UNDER THEIR SUPERVISION WHERE USED MALICIOUSLY AND SADISTICALLY FOR THE VERY PURPOSES OF CAUSING HARM AND NOT IN A GOOD FAITH EFFORT TO MAINTAIN OR RESTORE DISCIPLINE AND WITH THAT KNOWLEDGE, FAILED TO TAKE ANY CORRECTIVE ACTION,[IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.]

34. [DEFENDANT(S) SERGEANT W. BENNETT, OFFICER G. WILKERSON, AND OFFICER J. STEICHEN: PHYSICALLY ASSAULTED AND SEXUALLY ASSAULTED ME ON OCTOBER 14, 2011 AND I'VE REPORTED TO THE SECRETARY OF THE DEPT OF CORRECTIONS AS WELL AS OTHER PRISONERS IN MY BEHALF, BUT TO NO AVAIL THOUGH. PHYSICAL FORCE AS A MEANS OF INFLICTING CORPORAL PUNISHMENT UPON PLAINTIFF AND LATER USED OF CHEMICAL AGENTS WAS USED AFTER THEIR ASSAULTS DONE ON PLAINTIFF, AND WHERE NO FORCE OF ANY KIND WAS NECESSARY,[IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.]

35. [DEFENDANT(S) B.V. REDDISH AND B. WHITEHEAD, J.B. GODWIN, P.M. JEFFERSON, SWAINE, AND T. ROBINSON: IGNORED THEIR DUTY TO REVIEW

-16-

"All" physical evidence known to the incident of October 14, 2011 besides their officials request subordinates to use chemical agents and actual why they used physical of force, and authorize their use without regards to whether their use was appropriate pursuant to the rules of the Florida Department of Corrections, [in violation of the Eighth Amendment of the United States Constitution.]

36. [Defendants] B.V. Reddish, B. Whitehead, J.B. Godwin, P.M. Jefferson: Ignored their duty to review the use of force and cameras to ensure that they were used in a manner consistent with the rules of the Florida Department of Corrections [in violation of the Eighth Amendment of the United States Constitution.]

37. [Defendants] B.V. Reddish, B. Whitehead, J.B. Godwin, and P.M. Jefferson, Swaine, and T. Kurzinger: Have acted with deliberate indifference by failing to discipline their subordinates for inflicting cruel and unusual punishment upon this plaintiff by way of physically assault and sexual assault as well as assaulting plaintiff with "walkie-talkie's and chemical agents and contributed to and proximately caused the above described in violation of the Eighth Amendment of the United States Constitution.

38. All [defendants] have acted under "Color of Law" at all times relevant to this complaint.

**WHEREFORE**, Plaintiff requests that this Honorable Court grant the following relief:

39. Declare that the unjustified and excessive use of chemical agents and assaults with "walkie-talkie's and sexual assault by [defendants] upon this plaintiff as alleged in this complaint violates the Eighth(8th) and Fourteenth(14th) Amendment of the Constitution of the United States.

40. Award compensatory damages in the following amounts:
a. $20,000 dollars each against [defendants] Sgt. William Bennett, Officer Billy Wilkerson, and Officer Jarrald Steichen, for the physical and

-17-

emotional injustices sustained as a result of the Plaintiff being sexually and physically assaulted by kicks, punches, and with their "Walkie-Talkie's" during an unjustified and excessive use of force, in violation of the Eighth Amendment of the United States Constitution.]

B. $80,000 dollars each against (Defendants) Major P.M. Jefferson, Captain Swaine, Lieutenant T. Robinson, and Officer T. Pollack, for the physical and emotional distress injustice sustained as a result of the Plaintiff being assaulted with the Mace done to him and their disregarding the facts and falsifying documents, records, and reports to help cover the incident up, during an unjustified and excessive use of force in violation of the Eighth Amendment of the United States Constitution.

C. $80,000 dollars, jointly and severally each against Defendants B.V. Reddish, Brad Whitehead, and J.B. Godwin for acting with deliberate indifference and authorizing the unjustified and excessive use of force, in violation of the Eighth Amendment of the United States Constitution.]

D. $12,500 dollars each against Defendant Sergeant William Bennett, Officer Gary Wilkerson, Officer Jarrard Steichen, Officer Thomas Pollack, Lieutenant Tommy Robinson, and Captain Swaine for the injuries sustained as a result of the unjustified and excessive use of force, [in violation of the Eighth Amendment of the United States Constitution.]

Award Punitive Damages in the following amount:

E. $10,000 dollars against Sgt. W. Bennett;
F. $10,000 dollars against Officer G. Wilkerson;
G. $10,000 dollars against Officer J. Steichen;
H. $10,000 dollars against Officer T. Pollack;
I. $10,000 dollars against Captain Swaine;
J. $10,000 dollars against Lieutenant T. Robinson;
K. $30,000 dollars each against (Defendants) B.V. Reddish and

-18-

BRAD WHITEHEAD, J.B. GODWIN, AND R.M. JEFFERSON:

GRANT SUCH RELIEF AS IT MAY APPEAR THAT THIS PLAINTIFF IS ENTITLED.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACTS, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

9-28-14
(DATE)

_____ #901449
RODERICK D. EDWARDS #901449

MAILED BY PRISONER:
I DECLARE (OR CERTIFY, VERIFY, OR AFFIRM) UNDER PENALTY OF PERJURY THAT THIS COMPLAINT WAS (CHECK ONE):

( ✓ ) DELIVERED TO PRISON OFFICIALS FOR MAILING; OR

( ___ ) DEPOSITED IN THE PRISON'S INTERNAL MAIL SYSTEM ON:

THIS 28th DAY OF AUGUST, 2014.

RESPECTFULLY SUBMITTED,

_____ #901449
RODERICK D. EDWARDS #901449
SANTA ROSA CORRECTIONAL INSTITUTION
5850 EAST MILTON ROAD
MILTON, FL 32583